# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| PATTY FERRARO on behalf of A.F., a minor child, | *   No. 14-770V |
| | *   Special Master Christian J. Moran |
| Petitioner, | * |
| v. | * |
| | *   Filed: July 14, 2015 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *   Decision on the record; insufficient |
| | *   proof of causation; vision loss; |
| Respondent, | *   human papillomavirus vaccine. |
| * * * * * * * * * * * * * * * * * * * | * |

<u>Anne C. Toale</u>, Maglio Christopher and Toale, Sarasota, FL, for petitioner;
<u>Debra A . Filteau Begley</u>, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

On August 22, 2014, Patty Ferraro filed a petition for compensation, on behalf of her child, A.F., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012).   Her petition alleged that A.F. suffered vision loss and headaches as the result of the human papillomavirus vaccine that she received on January 24, 2013.  The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.     **<u>Procedural History</u>**

In support of her petition, Ms. Ferraro filed medical records (exhibits 1-12), an affidavit (exhibit 13), followed by a statement of completion on October 10, 2014.

Respondent filed her Rule 4 report on December 30, 2014, stating that petitioner had not met his burden of proof and was not entitled to compensation. Resp't's Rep't at 5-6. Respondent argued that there was no clear diagnosis to explain A.F.'s vision loss and that the medical records show that the vision loss could be attributed to a pre-existing condition or a conversion disorder. <u>Id.</u> at 7. Respondent also noted that petitioner had not offered any expert testimony to support her claim that the vaccine caused the injury. <u>Id.</u>

A status conference was held on January 14, 2015, to discuss respondent's Rule 4 report and how the case was to proceed. During this conference, the parties discussed requesting therapy records for potential future reference as well as submitting a questionnaire to A.F.'s treating physicians to clarify a diagnosis. Order, issued January 16, 2015.

After multiple status conferences and status reports, which outlined the parties' efforts in drafting the questionnaire for A.F.'s treating doctor, on April 1, 2015, petitioner filed a status report indicating that the questionnaire had been sent to Dr. Jody Abrams, a neuro-ophthalmologist.

On June 9, 2015, petitioner filed an expert report from Dr. Abrams. After reviewing the medical records and test results, Dr. Abrams concluded that the proper diagnosis for A.F. is a "nonphysiologic visual loss, possibly a conversion-type disorder." Exhibit 15 at 2. Dr. Abrams further stated she could "not see anything anatomically that [she could] relate to visual loss from the Gardasil vaccine." <u>Id.</u>

In light of Dr. Abrams' assessment, on July 6, 2015, petitioner filed a motion to dismiss the case. In her motion, petitioner stated that proceeding further with the case "would be unreasonable and would waste the resources of the Court." Pet'r's Mot. at 1. Accordingly, this case is now ready for adjudication.

II.    **<u>Analysis</u>**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that A.F. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table –

2

corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that A.F. suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.   Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support Ms. Ferraro's claim, a medical opinion must be offered in support.  Ms. Ferraro has offered the opinion of Dr. Abrams, who determined that A.F.'s vision loss was likely the result of a conversion-type disorder and could not be linked to the Gardasil vaccine.

Accordingly, it is clear from the record in this case that Ms. Ferraro has failed to demonstrate either that A.F. suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master