# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| PATTY FERRARO, on | * | No. 14-770V |
| behalf of A.F., a minor child, | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | |
| | * | Filed: October 8, 2015 |
| v. | * | |
| | * | Attorneys' fees and costs; award |
| SECRETARY OF HEALTH | * | in the amount to which |
| AND HUMAN SERVICES, | * | respondent does not object. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * *

<u>Anne C. Toale</u>, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner;
<u>Debra A. Filteau Begley</u>, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On October 7, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $4,000.00, an amount to which respondent does not object. The Court awards this amount.

On August 22, 2014, Patty Ferraro filed a petition for compensation, on behalf of her child, A.F., alleging that the human papillomavirus vaccine, which she received on January 24, 2013, caused her to suffer vision loss and headaches.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Case 1:14-vv-00770-UNJ   Document 38   Filed 11/05/15   Page 2 of 2

The information in the record, however, did not show entitlement to an award under the Program.  <u>Decision</u>, issued July 14, 2015.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  <u>See</u> 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, and obtained reports from experts, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Ferraro seeks a total of **$4,000.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner has filed a statement indicating that while represented by Maglio, Christopher, & Toale, PA Law Firm, she did not incur costs related to the litigation of this matter.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $4,000.00, in the form of a check made payable to petitioner and petitioner's attorney, Anne Toale, of the law firm of Maglio, Christopher & Toale, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master

2